Grafton,  }
Feb. 7, 1911. }

## EATON *v.* NOYES.

A delinquent taxpayer must pay the legal costs incurred at the time of the payment of his tax in order to prevent a sale of his property.

One who is required to pay illegal charges in order to prevent a sale of his property for taxes may recover the amount so paid in an action of assumpsit against the collector.

A collector who personally delivers the copy of notice of a tax sale at a newspaper office may charge for actual travel to the place of publication and return; but if the notice is sent by mail, he cannot collect the statutory mileage.

ASSUMPSIT, to recover $22.60 paid to the defendant by the plaintiff to redeem certain real estate in the town of Landaff, which had been advertised to be sold for taxes assessed thereon for the year 1909. Facts found, and case transferred from the September term, 1910, of the superior court, by *Chamberlin*, J.

The defendant was tax collector of the town of Landaff in 1909–10. The plaintiff's farm, situated in that town, was taxed to him in the non-resident list, which was duly committed to the defendant as collector. The plaintiff had due notice of the tax, but neglected to pay the same before January 1, 1910. The defendant advertised the farm for sale and delivered a copy of the notice in person at the office of the *Independent Statesman* in Concord, to be published in accordance with section 2, chapter 61, Public Statutes, and also mailed a like copy to the *Bristol Enterprise*, a newspaper published in Bris-

tol in Grafton county, to be advertised therein.    Soon after January 1, 1910, the plaintiff, in order to prevent the sale of his farm for taxes in accordance with the published notice, paid to the collector, as fees for advertising, the sum of $30.77, taking the collector's receipt therefor.    If this sum demanded by the defendant had not been paid, the collector would have sold the property for taxes.

The items in the taxation of costs which the plaintiff claims are unlawful are for travel from Landaff to Concord and return and for travel from Landaff to Bristol and return, aggregating $22.60. The travel by the defendant from Landaff to Concord and return amounted to $10.70.    The taxation for travel to Bristol and return, amounting to $11.90, was figured on the basis of mileage by the direct railroad route.    The nearest public road from Bristol to Landaff is seventy miles.    The defendant did not go to Bristol, but sent a copy of the notice by mail.

If the taxation of $11.90 for travel to Bristol and return is legal, there should be judgment for the defendant for costs.    If the taxation is illegal, the plaintiff should have judgment for $11.90 less the fees for any part of the travel which is legally taxed, interest from the date of the writ, and his costs.

*George W. Pike,* for the plaintiff.

*Raymond B. Stevens* and *Smith & Smith,* for the defendant.

BINGHAM, J.    To prevent a sale of his property, the plaintiff was bound to pay the legal costs incurred at the time of the payment of his tax.    P. S., *c.* 61, *s.* 19.    Illegal charges which he was required to pay may be recovered in this action.    *Benton* v. *Goodale,* 66 N. H. 424.    The charge of $10.70 for actual travel from Landaff to Concord and return, to publish notice of the sale in the *Independent Statesman,* was legal.    P. S., *c.* 61, *s.* 18.    The charge of $11.90 was illegal.    Section 18 contemplates charges for actual travel only to publish a notice of a sale.

*Judgment for the plaintiff for $11.90, interest from the date of his writ, and costs.*

All concurred.